FILED

MAR 16 2017
Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| JAYCEE VON BERGEN,<br><br>Plaintiff,<br><br>vs.<br><br>HEIDI LYNN POIRIER AND PROGRESSIVE UNIVERSAL INSURANCE COMPANY, JOHN DOES 1-X,<br><br>Defendants. | No. CV-17-07-BU-SEH<br><br>ORDER |

The Complaint and Demand for Jury Trial in this case was filed in state court on October 14, 2016.[1] Summons for Defendants Heidi Lynn Poirier ("Poirier") and Progressive Universal Insurance Company ("Progressive") were issued on October 14, 2016.[2] A First Amended Complaint and Demand for Jury

---

[1] Doc. 5.

[2] Doc. 2.

Trial was filed in state court on January 6, 2017.³ Additional Summons for Defendants Poirier and Progressive were issued on January 6, 2017.⁴ No certificate showing service of Summons on Poirier has been filed.

Progressive removed this action by Notice of Removal filed February 14, 2017.⁵ The Notice fails to properly invoke jurisdiction and, as of the date of this order, no answer has yet been filed by Progressive.

The removal statute is strictly construed against removal jurisdiction.⁶ The "strong presumption" against removal jurisdiction requires the defendant to carry the burden of showing removal is proper.⁷ "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."⁸

The Notice of Removal asserts federal jurisdiction under 28 U.S.C. §§ 1332 and 1441(a). "In a case involving multiple defendants, '[a]ll defendants must join in a removal petition.'"⁹

---

³ Docs. 2 and 3.

⁴ Docs. 2 and 2-2.

⁵ Doc. 1.

⁶ *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

⁷ *Id.*

⁸ *Id.*

⁹ *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224 (9th Cir. 2009) (quoting *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986)).

28 U.S.C. § 1446(b) states:

> (2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

The Notice of Removal does not state whether Poirier consents to removal. Consequently, jurisdiction has not been established.

Fed. R. Civ. P. 12(h)(3) contemplates that lack of jurisdiction can be raised at any time. Moreover, the objection "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."[10]

ORDERED:

This case will be remanded to state court on March 24, 2017, unless Progressive files an amended notice of removal and otherwise takes all steps necessary to establish of record that this court's jurisdiction has appropriately been invoked. The Court will take up and address the issue of Progressive's failure to

---

[10] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). Defendant Poirier filed an Answer to the First Amended Complaint and Demand for Jury Trial on March 7, 2017.

file an answer if the jurisdiction of this court is established of record.

DATED this 16th day of March, 2017.

SAM E. HADDON
United States District Judge